IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

CHARLES GORDON LYNN  )
    Plaintiff,  )
    )
v.  )    Civil Action No. TMD 10-2668M
    )
    )
MICHAEL J. ASTRUE,  )
Commissioner of Social Security,  )
    )
    Defendant.  )

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Charles Gordon Lynn ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income under Titles II and XVI and of the Social Security Act, 42 U.S.C.§§ 401-433, §§ 1381-1383(c). Pending is Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 14).[1] No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

---

[1] On December 13, 2010, a scheduling order was entered. The Plaintiff's Motion for Summary Judgment was due on February 5, 2011. On January 18, 2011, Plaintiff filed eleven pages of evidence which will be addressed below. (ECF No. 13) As of the date of this memorandum, and despite the Court's grant of an extension, Plaintiff has not, however, filed a Motion for Summary Judgment. (ECF No. 16). Nevertheless, the Court is required to review the ALJ's conclusions and determine whether they are legally correct. *See Meyers v. Califano*. 611 F.2d 980, 982 (4th Cir. 1980).

1

## I. Procedural History

Plaintiff protectively filed his applications for DIB and SSI on June 12, 2007 alleging disability since October 1, 2006 on the basis of a curved spine and a broken left ankle. R. at 70-77, 82, 86, 94, 100, 117. His claim was denied initially and on reconsideration. R. at 31-34, 35-38, 41-42, 43-44. On October 13, 2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 16-26. Plaintiff was represented by counsel. In a decision dated November 4, 2009, the ALJ denied Plaintiff's request for benefits. R. at 6-15. On July 30, 2010, the Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.[2]

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant had a severe back impairment. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was not capable of performing his past work as a cement finisher but was capable of performing his past relevant work as a driver. Nevertheless, the ALJ proceeded to step five and further concluded that, given his residual functional capacity, Claimant was capable of performing jobs that exist in significant

---

[2] On August 10, 2010, ten days after the Appeals Council declined review, Plaintiff submitted additional medical evidence. Although not considered by the ALJ, it is included in the record. R. at 187-90. This evidence is also duplicative of the first four of the eleven pages of evidence Plaintiff submitted to the Court on January 18, 2011.

numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 9-15.

III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

IV. Discussion

The Defendant asserts that the Commissioner's final decision is supported by substantial evidence and should be affirmed. After review of the record and the ALJ's decision, I agree with the Commissioner.

As mentioned above, Claimant claimed disability on the basis of a curved spine and a

---

(ECF No. 13).

broken left ankle. With respect to his ankle condition, the evidence showed that Claimant received treatment on April 18, 2007 for left ankle pain apparently due to falling over a bush. R. at 129. An x-ray revealed a fracture of the distal fibula. R. at 12, 126-37  The remainder of the osseous structures in the foot appeared normal. R. at 137. Claimant was prescribed ibuprofen, R. at 135, but was not given crutches due to intoxication. R. at 12, 130. On April 19, 2007, Claimant was seen at DC Veterans Administration Hospital which reported that he had diffuse swelling of the left ankle, marked lateral tenderness, and moderate medial tenderness. R. at 12, 142. His ankle was placed in a cast, and he was given crutches on April 20, 2007. R. at 142. On May 25, 2007, the cast was removed and he was placed in a Cam-Walker cast. X-rays showed the healing fracture of the lateral malleolus in acceptable position. *Id*. at 141. On July 13, 2007, Claimant returned complaining of ankle pain and swelling. He was noted to have some peri-articular swelling but no significant tenderness and motion and stability of the ankle intact. R. at 141. An x-ray showed that the "fracture is essentially healed." *Id.* On September 18, 2007, Dr. S. Rudin reviewed the records and found that Claimant's ankle condition would not last twelve months and therefore was not severe. R. at 154; *see also* R. at 153 (same); 182-83. Based on all of this evidence, the Court agrees with the ALJ's finding that Claimant's fractured left ankle did not constitute a severe impairment at step two of the sequential evaluation nor did it meet listing 1.02 relating to a major dysfunction of a joint. R. at 11, 12; *see* 20 C.F.R. Part 404, Subpart P, App. 1, § 1.02; *see also* R. at 13 (ALJ noting that there are no medical records reflecting an abnormal gait nor continued complaints of pain or observed ankle limitations).

4

With respect to Claimant's alleged condition of a "curved spine", the ALJ thoroughly reviewed the evidence in the record finding that although his back condition was severe, his condition did not meet Listing 1.04 relating to disorders of the spine. 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04. To meet Listing 1.04(A), a claimant must present evidence of a spine disorder with

> [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A). The listings note that an "[i]nability to walk on the heels or toes, to squat, or to arise from a squatting position, when appropriate, may be considered evidence of significant motor loss" as well as concrete evidence of atrophy in upper and lower extremities. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(E)(1). The ALJ concluded that "[t]he claimant does not have a nerve root compression or spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, accompanied by sensory or reflex loss and, no positive straight leg raising testing (sitting and supine)." R. at 13. This finding is supported by substantial evidence.

The ALJ noted that Claimant did not have a need for an assistive device and had not generally received the type of medical treatment one would expect for a totally disabled individual. R. at 14. On December 3, 2007, Claimant complained of lower back pain and physical examination revealed his lower back was tender with tight muscles in the lumbar area. R. at 160. He had 5/5 motor strength, was able to forward flex and ambulate using a cane. *Id*.

5

His straight leg testing was negative and Claimant was diagnosed with low back pain and prescribed only Motrin and Flexeril. R. at 12, 160, 161. An X-ray of Claimant's lumbar spine revealed no fracture on April 19, 2007. R. at 149. The ALJ also noted that no treating physician restricted Claimant in a manner that would be consistent with his complaints of a totally disabling condition. R. at 14. In addition, the ALJ noted that Claimant's reports of activities of daily living, including yard work and household chores, were consistent with the ability to perform light work. R. at 13; *see also* R. at 19-20 (hearing testimony at which Claimant testified he can walk his dog with his cane for three or four blocks without stopping, and a full mile with breaks).

The record also includes the report of DDS examiner Dr. Adeyemisi Sosanya, M.D., who saw Claimant on January 19, 2008. At that time, Claimant reported moderate relief from medications. R. at 12, 14, 179. He further reported that he was capable of performing daily activities such as driving, washing dishes, cooking, sweeping and shopping for groceries. R. at 12, 179. At the examination, Claimant moved around without much difficulty and normal gait although he used a cane. R. at 12, 180-81. There was no significant deformity of the lumbar spine and full lateral rotation at 25 degrees bilaterally. R. at 12, 181. Straight leg testing was negative and there was a full range of motion bilaterally of the ankle joints. *Id*. Claimant was able to walk on his heels and squat. *Id*. Dr. Sosanya's impression was low back pain. In sum, the Court has no hesitation concluding that the ALJ's finding that Claimant is capable of

performing the full range of light work[3] is supported by substantial evidence.

Finally, the Court will address the evidence belatedly submitted by the Claimant. As mentioned above, ten days after the Appeals Council rendered its decision declining to review the case, Claimant faxed the Administration a Physical Residual Functional Capacity Questionnaire completed by Dr. Patricia Wright on July 30, 2010. R. at 187-90. In that form, Dr. Wright indicated that she had only seen Claimant one or two times per year since December, 2007. She indicated that Claimant has lower back pain and described his pain at a level 7 out of 10 especially when he lifts, walks a couple of blocks or sits for longer than 30 minutes. R. at 187. She indicated that he has been prescribed Ibuprofen and Percocet which he believed did not decrease his pain. *Id*. She reported that despite being prescribed physical therapy, Claimant did not attend. *Id*. She opined that Claimant could sit and stand continuously for 30 minutes and about two hours total in an eight hour work day, that he could lift less than ten pounds frequently, ten to twenty pounds occasionally and never lift fifty pounds. *Id.* She found no other restrictions and added that she "cannot state if he will never be able to work in that work up not completed or further treatment may be necessary." *Id*. at 190.

Typically, if evidence is submitted to the Appeals Council prior to its decision, the Appeals Council is only required to consider it "if the additional evidence is (a) new, (b)

---

[3] Being able to perform light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins,* 953 F.2d at 95–96, *see* 20 C.F.R. § 404 .970(b). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.;* 20 C.F.R. § 404.970(b). Here, the evidence was submitted *after* the ALJ rendered the decision but was nonetheless made part of the record. *See Wilkins v. Secretary, Dep't of Health & Human Serv.,* 953 F.2d 93, 96 (4th Cir.1991) (Court's obligated to review any evidence that is a part of the record). Even assuming the evidence is new and related to the relevant period, the Court does not find that the evidence would have changed the outcome.

In her opinion, Dr. Wright specifically indicated that Claimant needed an additional medical work up which might require further treatment. R. at 190. Moreover, as the Commissioner correctly points out, most of Dr. Wright's findings are based on Plaintiff's subjective complaints (description of pain and effectiveness of pain medications) and the only clinical findings and objective signs were "ambulatory using a cane, tight para lumbar muscles." R. at 187. Indeed, Dr. Wright opined that Claimant was capable of lifting less than 10 pounds frequently and less than 20 pounds occasionally. R. at 189. This is generally consistent with light work which the ALJ found Claimant capable. *See supra* n. 3. However, Dr. Wright's finding that Claimant is limited to sitting and standing/walking for only about 2 hours in an 8 hour work day is inconsistent with the ALJ's conclusion that Claimant is capable of a full range of light work. *See* SSR 83-10, the *full* range of light work requires an individual be able to stand or walk, off and on, for a total of approximately 6 hours of an 8-hour workday. However, Dr. Wright's opinion, as mentioned above, is apparently only supported by Plaintiff's own

8

complaints of pain and his use of a cane. R. at 187. The Court has no hesitation finding that the ALJ's finding regarding Claimant's RFC would not have been different had this evidence been before him.

In addition, on January 18, 2011, Plaintiff filed with the Court eleven pages of medical evidence including a duplicate copy of Dr. Wright's July 30, 2010 report, a revised report from Dr. Wright dated January 14, 2011 and a Lumbar Spine MRI dated October 1, 2010. (ECF No. 13). In her revised report, Dr. Wright indicated that Claimant suffers from lower back pain and that medications have provided only minimal relief. (ECF No. 13 at 7-8). Dr. Wright revised her opinion regarding Claimant's functional limitations indicating he can sit and stand for four, as opposed to her previous opinion of two, hours in an eight hour work day. (ECF No. 13 at 8). "Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence." *Wilkins*, 953 F.2d at 96. However, the Court can remand the case upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g). To merit remand, Claimant has the burden of demonstrating that this evidence meets the requirements of sentence six of 42 U.S.C. § 405(g) ("sentence six"). *See Fagg v.* Chater, 1997 WL 39146, at *2 (4th Cir. 1997). Sentence six permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). There are accordingly three distinct requirements under sentence six. *See, e.g., Nuckles v. Astrue,* 2009 WL 3208685, at *4 (E.D.N.C. 5 Oct. 2009).

First, the evidence must be new. Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record. *Wilkins,* 953 F.2d at 96.

Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *See Wilkins,* 953 F.2d at 96. Evidence is not material if it does not relate to the time period that was before the Commissioner. *See Edwards v. Astrue,* 2008 WL 474128, at *9 (W.D.Va. February 20, 2008) ("The [new records] do not relate back to the relevant time period as they were both done over 6 months after the ALJ rendered his decision.").

Third, there must be good cause for failing to submit the evidence earlier. This requirement for good cause was added by Congress in 1980. *See* Social Security Disability Amendments of 1980, P.L. 96–265 § 307, 94 Stat. 441 (1980). The courts have recognized that Congress' intent was to permit remands pursuant to sentence six on a very limited basis. *Rogers v. Barnhart,* 204 F .Supp.2d 885, 892 (W.D.N.C.2002) (" 'Congress made it unmistakably clear' that it intended to limit remands for 'new evidence.' ")( *quoting Melkonyan v. Sullivan,* 501 U.S. 89, 99–100 (1991)). The burden of showing that the good-cause and other requirements of sentence six are met rests with the claimant. *See, Fagg v. Chater,* 106 F.3d 390, 1997 WL 39146, at *2 (4th Cir. Feb. 3 1997).

Claimant has not met his burden of meeting the elements above. At a minimum, he has not proved the evidence is material. The only significant revision in Dr. Wright's January, 2011 report from her July, 2010 report appears to actually be an improvement as she subsequently opines Claimant is capable of sitting and standing 4 hours (as opposed to 2) in an 8 hour

workday. ECF No. 13 at 8. Dr. Wright provides no opinion with respect to how long Claimant's condition is expected to last. *Id* at 10. In her report, she references the October 1, 2010 MRI of Claimant's lumbar spine, but does not provide any assessment or indication of how it supports her findings. In fact, the impression of the MRI is mild multilevel degenerative disc and facet disease resulting in mild central canal and foraminal narrowing, *Id*. at 6. The Court does not find that Clamant has met his burden in demonstrating how this assessment would have changed the ALJ's decision.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: October 3, 2011  _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

Copies to:
Mr. Charles Gordon Lynn, Jr.
1019 58th Ave.
Fairmount Heights, MD 20743


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692